UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED TECHNOLOGIES CORP.,<br><br>    Plaintiff,<br><br>V.<br><br>ROLLS-ROYCE PLC and<br>ROLLS-ROYCE GROUP PLC<br><br>    Defendants. | Case No. 3:10-CV-01523-SRU<br><br><br>January 13, 2011 |

### DEFENDANT ROLLS-ROYCE GROUP PLC'S MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION TO STAY PROCEEDINGS PURSUANT TO 28 U.S.C. § 1659

I.  **INTRODUCTION**

Defendant Rolls-Royce Group plc[1] ("Rolls-Royce") respectfully requests a mandatory stay of the entirety of the above-entitled action (the "Present Action") pending a final resolution of concurrent proceedings before the U.S. International Trade Commission ("ITC"), entitled *In the Matter of Certain Turbomachinery Blades, Engines and Components Thereof*, Investigation No. 337-TA-751 (the "ITC Action"). Title 28 of the U.S. Code, § 1659 provides for a *mandatory* stay of concurrent district court litigation that involves the same parties and the same issues as a pending ITC investigation, upon a timely request by a respondent in the ITC investigation. As discussed below, all of the conditions for application of 28 U.S.C. § 1659 are met here. Both the ITC Action and the Present Action involve allegations by plaintiff United Technologies Corp. ("UTC") that Rolls-Royce has infringed U.S. Patent No. RE38,040 ("the '040 Patent"), and Rolls-Royce brings the instant timely request for a mandatory stay of the Present Action.

UTC has informed Rolls-Royce that it does not oppose the requested stay. Accordingly, the Court should grant the present motion and stay all proceedings in the Present Action pending final resolution of the ITC Action.

II. **FACTUAL BACKGROUND**

1.  **The Present Action**

UTC filed its complaint in the Present Action on September 27, 2010. The complaint alleged eight causes of action against Rolls-Royce, including claims of business torts, violations

---

[1] Because it is not clear whether UTC has properly served defendant Rolls-Royce plc, the instant motion is filed on behalf of defendant Rolls-Royce Group plc only. As noted in the Notice of Special Appearance, filed herewith, counsel is making a special appearance in the present action on behalf of defendant Rolls-Royce Group plc for the sole purpose of filing the instant motion to stay pursuant to 28 U.S.C. § 1659, and expressly reserves all rights and defenses to plaintiff United Technologies Corporation's First Amended Complaint, including but not limited to lack of personal jurisdiction.

of the Connecticut Unfair Trade Act and the Lanham Act, and claims for declaratory judgment relating to the Rolls-Royce patent asserted against UTC in a concurrent litigation in the Eastern District of Virginia (the "Virginia Action"). Compl. ¶¶ 125-163, ECF No. 1. Also on September 27, 2010, UTC filed in the Eastern District of Virginia a motion to dismiss the Virginia Action or to transfer it to this Court. The Virginia court denied UTC's motion.

On November 5, 2010, UTC amended its complaint. In this First Amended Complaint, UTC abandoned its previously asserted claims and asserted only one cause of action, alleging infringement of the '040 Patent against Rolls-Royce based on Rolls-Royce's alleged importation, use, and sale in the United States of "turbomachinery blades, engines, and components thereof, as part of, for example, the Trent 900 and Trent 1000 engines." Pl.'s First Am. Compl. ¶ 25, ECF No. 30.

UTC never served Rolls-Royce with the original complaint and had not served Rolls-Royce with the First Amended Complaint by December 8, 2010, when this Court ordered UTC to report on the status of its efforts regarding service of process, or face dismissal by January 10, 2011. Notice, ECF No. 35. The summons issued on January 5, 2011, and UTC served defendant Rolls-Royce Group plc on or about January 7, 2011. Summons, ECF Nos. 37-38.

2. **The ITC Action**

On November 5, 2010, the same date that UTC filed its First Amended Complaint in the present action, UTC filed a complaint and request for investigation by the ITC, alleging that Rolls-Royce violated Section 337 of the Tariff Act of 1930, as amended, by selling or importing "into the United States Trent 900 and Trent 1000 jet engines that contain turbomachinery blades that infringe the '040 reissue patent."[2] Declaration of Peter E. Root in support of the instant

---

[2] UTC also filed on November 5, 2010 a complaint in the United Kingdom alleging infringement by Rolls-Royce of a U.K. counterpart of the '040 Patent.

2

motion ("Root Decl."), filed herewith, Ex. A, ¶ 51. On December 14, 2010, the ITC's Notice of Investigation, naming Rolls-Royce Group plc and Rolls-Royce plc as respondents, was published in the Federal Register. Root Decl., Ex. B.

### 3. UTC's Nonopposition to the Present Motion

On January 11, 2011, a few days after UTC served Rolls-Royce Group plc, Rolls-Royce informed UTC that it intended to seek a stay of the Present Action pursuant to 28 U.S.C. § 1659. UTC stated that it would not oppose the request for a stay so long as Rolls-Royce filed the request by January 13, 2011, within the 30-day period permitted by § 1659. *See* Root Decl., Ex. C.

## III. LEGAL STANDARD

Section 1659(a) of Title 28 of the United States Code provides Rolls-Royce the absolute right to a stay of the claims in the Present Action pending the final outcome of the concurrent ITC Action. The statute states:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court *shall stay*, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within--
>
> (1) 30 days after the party is named as a respondent in the proceeding before the Commission, or
>
> (2) 30 days after the district court action is filed,
>
> whichever is later.

28 U.S.C. §1659(a) (emphasis added).

District courts have consistently complied with the mandates of 28 U.S.C. § 1659 by staying district court litigation pending the final resolution of related ITC proceedings. *See, e.g.,*

3

*Thomson Licensing S.A. v. Benq Corp.*, No. 3:05-cv-01005-JSW, 2005 WL 1039030, at *1 (E.D. Cal. May 4, 2005); *Verve, LLC v. Verifone, Inc.*, No. C04-03659JF, 2004 WL 2600452, at *1 (N.D. Cal. Nov. 15, 2004); *Amkor Tech., Inc. v. Carsem (M) SDN BHD*, No. 03-5116 MMC, 2004 WL 3237542, at *1 (N.D. Cal. Feb. 9, 2004); *Universal Tool & Stamping Co. v. Ventra Group, Inc.*, 46 U.S.P.Q. 2d. 1799, 1800 (N.D. Ind. 1998); *see also Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (recognizing district courts' inherent power to stay). In granting such stays, courts recognize that the purpose of § 1659 is to protect a party from the unfair burdens of defending against duplicative patent infringement claims in two separate forums at the same time. *See Overland Storage, Inc. v. BDT Automation Tech. (Zhuhai FTZ) Co.*, No. 10-cv-1700, 2010 WL 5089002, at *1 (S.D. Cal. Dec. 8, 2010).

**IV.   ARGUMENT**

Because the Present Action and the ITC Action involve the same patent, the same parties, the same accused products, and identical issues, and Rolls-Royce, simultaneously a party in the Present Action and a respondent in the ITC Action, brings this timely request for a stay, the prerequisites of 28 U.S.C. § 1659 have been satisfied. Accordingly, a stay of all proceedings in the Present Action must be granted.[3] *See e.g., Universal Tool*, 1998 WL 303298, at *1 ("a stay must (the statute says 'shall') be entered since there is no dispute that the claims here and those before the [ITC] involve the same issues.").

It is indisputable that both the present action and the ITC Action involve identical issues, namely the validity and enforceability of the '040 Patent, and UTC's allegations that Rolls-Royce has infringed that patent through the sale, use, or importation into the United States of

---

[3] Although defendant Rolls-Royce plc has not yet entered an appearance, *see* fn. 1 *supra*, judicial efficiency dictates that the stay should apply to it as well. *See Verve*, 2004 WL 2600452, at *1 (extending stay to non-moving defendants, who were also respondents in ITC investigation, in the interests of judicial economy); *Overland*, 2010 WL 5089002, at *2 (same).

4

certain aircraft engines. Furthermore, both actions involve the same parties, UTC and Rolls-Royce.

Finally, the instant motion is timely as it has been filed within 30 days after Rolls-Royce was named by the ITC as a respondent in the Notice of Investigation on December 14, 2010. *See* 28 U.S.C. § 1659(a)(1); 19 C.F.R. § 210.3 (defining "respondent" as "any person named in a notice of investigation").

## V.   CONCLUSION

For at least the foregoing reasons, the Court should grant the instant unopposed Motion and stay all proceedings in the Present Action pending a final resolution of the ITC Action, as provided by 28 U.S.C. § 1659.

**DEFENDANT ROLLS-ROYCE GROUP PLC**

By: _____
Jeffrey Hellman (ct04102)
ZEISLER & ZEISLER, P.C.
558 Clinton Avenue
Bridgeport, CT 06605
Tel.: (203) 368-4234
Fax: (203) 367-9678
jhellman@zeislaw.com

Its Attorneys

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was served, via the Court's CM/ECF electronic system to all counsel of record on this 13th day of January, 2011:

Andrea Donovan Napp anapp@rc.com
Christopher J. Lind chris.lind@barlit-beck.com
Craig A. Raabe craabe@rc.com
Hamilton H. Hill Hamilton.hill@barlit-beck.com
Mark L. Levine mark.levine@barlit-beck.com
Michael J. Valaik Michael.valaik@barlit-beck.com
Paul J. Skiermont paul.skiermont@bartlit-beck.com
Philip S. Beck Philip.beck@barlit-beck.com
Jason L. Pelz Jason.pelz@bartlit-beck.com

_____
Jeffrey Hellman (ct04102)